Aurelio Montiel DE LA LUZ; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–72066.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

Jaime Jasso, Esq., California Alien Rights Project, LLC, Westlake Village, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Kurt B. Larson, ESQ., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Aurelio Montiel De La Luz and his wife Gloria Juarez de Montiel, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' decision affirming the immigration judge's denial of their applications for cancellation of removal.

We lack jurisdiction to consider the petitioners' challenge to the agency's discretionary determination that the male petitioner failed to demonstrate exceptional and extremely unusual hardship to his qualifying relatives. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003); *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir.2002). To the extent petitioners raise a due process challenge to the hardship determination, we lack jurisdiction because the claim is not colorable. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001) (indicating that an applicant may not create the jurisdiction Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb).

The female petitioner contends that the BIA erred in concluding that she failed to establish ten years of continuous residence necessary to qualify for cancellation of removal, because she did not intend to leave the United States for more than ninety days. We reject petitioner's contention, and affirm the BIA's conclusion that the female petitioner's four month departure from the United States precluded her from establishing the requisite continuous physical presence requirement of 8 U.S.C. § 1229(b)(d)(2).

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

